RECEIVED

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Bell, Corzine, Farrell, Hayman, Hinman,
Paterson, Ricci, Ronoghan, Sherrer, Woodward and the University
of Medicine and Dentistry of New Jersey

JAN 08 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

By: Susan M. Scott
    Deputy Attorney General
    (609) 633-7786
    susan.scott@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | | |
|---|---|---|
| MATT GREEN, | : | HON. ANNE E. THOMPSON, U.S.D.J. |
| Plaintiff, | : | Civil Action No. 09-1600 (AET) |
| v. | : | |
| JON CORZINE, et al., | : | **ORDER** |
| Defendants. | : | |

This matter having come before the Court on a motion of Anne Milgram, Attorney General of New Jersey, by Susan M. Scott, Deputy Attorney General, appearing on behalf of Defendants Bell, Corzine, Farrell, Hayman, Hinman, Paterson, Ricci, Ronoghan, Sherrer, Woodward and the University of Medicine and Dentistry of New Jersey, pursuant to L. Civ. R. 5.3(c), and the Court having considered the papers submitted herein [along with those submitted by Plaintiff in opposition to the instant motion,] and for the reasons set forth herein and for good cause shown, the Court will grant the motion;

L. Civ. R. 5.3(c) allows the Court to permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party by formal motion made pursuant to L. Civ. R. 7.1. L. Civ. R. 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

In the present case, the Court finds that Defendants have described the nature of the material at issue as: excerpts of Plaintiff's Health Services Request Forms attached as Exhibit C to the Declaration of Brenda A. Hutton, dated November 19, 2009; excerpts of Plaintiff's electronic medical records attached as Exhibit D to the Declaration of Brenda A. Hutton, dated November 19, 2009; and, excerpts of the Medical Referral Forms regarding Plaintiff attached as Exhibit E to the Declaration of Brenda A. Hutton, dated November 19, 2009; all filed in support of and attached to the Defendants' Motion to Dismiss and for Summary Judgment filed on November 19, 2009.

The Court further finds that Defendants have shown that the privacy interests of Plaintiff warrants such relief. Inmates retain those privacy rights that are not inconsistent with their

status as prisoners or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). There are several facets of the right of privacy. The Court has recognized the right of an individual not to have his private affairs made public by the government. See, Whalen v. Roe, 429 U.S. 589, 599 n. 24 (1977). Plaintiff has such a privacy interest in keeping his confidential medical records from being publicly disseminated.

The Court further finds that should the information contained in the medical records be disseminated to the general public, Plaintiff's privacy interests would be irreparably violated.

The Court further finds that because Plaintiff will have access to the medical records relied upon by Defendants in their motion for summary judgment and Plaintiff has personal knowledge of the information contained therein, there is no less restrictive alternative to the relief sought by Defendants.

CONSEQUENTLY, the Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown,

IT IS on this 7th day of January, 2009;

ORDERED that the motion to seal Plaintiff's confidential medical records as described herein shall be, and hereby is, GRANTED,

IT IS FURTHER ORDERED that counsel for the Defendants are hereby permitted to file Plaintiff's confidential medical records

as described herein, under seal with the Clerk of the Court because they contain personal information of Plaintiff.

_____
HONORABLE ~~ANNE E. THOMPSON~~ DOUGLAS E. ARPUT
UNITED STATES DISTRICT COURT

4