NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Matt GREEN,

    Plaintiff,

v.

Jon CORZINE, et al.,

    Defendants.

Civ. No. 09-1600

OPINION & ORDER

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the following motions: Defendant Cocco Enterprises, Inc.'s Motion for Summary Judgment [docket # 107], Plaintiff's Motion to Stay Pending Appeal [132], Plaintiff's Appeal of Magistrate Judge Decision [133], Plaintiff's Motion to Stay Defendants' Motion to Dismiss and for Summary Judgment [141], Plaintiff's Motion for Summary Judgment [144], and Plaintiff's Appeal of Magistrate Judge Decision [149]. The Court has decided the motions upon consideration of the parties' written submissions and without holding oral argument. For the reasons given below, Defendant Cocco Enterprises, Inc.'s Motion for Summary Judgment is granted, Plaintiff's Appeals and the related motion to stay are denied, and Plaintiff's Motion to Stay Defendants' Motion to Dismiss and for Summary Judgment is granted.

## BACKGROUND

Plaintiff is an inmate currently incarcerated at New Jersey State Prison (NJSP) under the care of the New Jersey Department of Corrections ("DOC"). He alleges that due to his unusually wide feet, he requires special sized orthopedic shoes (size 10EEE). Upon his arrival at the New

Jersey State Prison ("NJSP"), his special shoes were confiscated. He alleges that the regular size 10 shoes which he was then issued caused him pain and resulted in bleeding blisters and ulcers in his feet as well as radiating pain in his ankles, knees, hips, and back. Plaintiff was eventually given a prescription for orthopedic boots and exercise shoes, but these were seized in a lockdown in August 2006 and never returned. Plaintiff alleges that he has been unable to obtain acceptable orthopedic footwear since that time. He contends that a variety of Defendants' policies and practices contributed to his injuries, particularly policy decisions to no longer prescribe or provide orthopedic shoes. He has brought claims against personnel working for DOC as well as against personnel working for Correctional Medical Services, Inc. (CMS), a corporation with whom the DOC had contracted to provide medical services for inmates.

At this juncture, there are both procedural and dispositive motions outstanding, but for reasons explained below, the Court has decided to defer consideration of the substantive motions.

## ANALYSIS

I. Defendant Cocco Enterprises, Inc.'s Motion for Summary Judgment

Defendant Cocco Enterprises, Inc. has moved for summary judgment in its favor. Plaintiff has indicated that he does not oppose this motion. Therefore, all claims against Defendant Cocco Enterprises will be dismissed.

II. Plaintiff's Appeal of the Magistrate Judge's Scheduling Order and related Motion to Stay Proceedings

Plaintiff has appealed the Magistrate Judge's decision to amend the case scheduling order. An initial scheduling order in this case was entered on October 21, 2009, which set a discovery deadline of January 29, 2010. However, subsequent motion practice and Court orders

resulted in several Defendants not answering or otherwise responding to the Complaint until after that deadline.  Accordingly, discovery did not commence until later than initially anticipated.  The Magistrate Judge entered an amended scheduling order on April 22, 2010, extending each party's right to conduct discovery.

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal a Magistrate Judge's determination of a non-dispositive matter.  A Magistrate Judge's decision, however, will "be overturned only when the ruling was clearly erroneous or contrary to law." *Singer Mgmt. Consultants v. Milgram*, 608 F. Supp. 2d 607, 611 (D.N.J. 2009).  "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Singer Mgmt. Consultants*, 608 F. Supp. 2d at 611-12.

The Magistrate Judge's decision is neither clearly erroneous nor contrary to law.  Fed. R. Civ. P. 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent."  Plaintiff argues that the Magistrate Judge lacked good cause to modify the earlier scheduling order.  Given the delays in pleadings occasioned by the motion practice in this case, it was reasonable to extend the parties' right to conduct discovery.  Accordingly, the Magistrate Judge had good cause to enter the amended scheduling order.  Plaintiff's Appeal of that order will be denied, and Plaintiff's motion to stay will be denied as moot.

III. Plaintiff's Motion to Stay Defendants' Motion to Dismiss Pending Discovery

CMS and several of its employees have moved to dismiss Plaintiff's Complaint, and they have moved in the alternative for summary judgment. Plaintiff has requested that the Court postpone decision of the motion until he receives additional information to oppose the motion. Fed. R. Civ. P 56(f) specifically provides that a party opposing a summary judgment motion may request the Court to postpone the motion until after the party receives the necessary to oppose the motion. Furthermore, Defendants have not objected to Plaintiff's request to postpone the motion until after close of discovery. The discovery cut-off is currently set for June 30. Accordingly, Plaintiff will have until July 30 to submit a revised opposition brief. If Plaintiff submits a revised opposition brief, Defendants may submit a revised reply within seven days after the revised opposition brief is filed.

IV. Plaintiff's Appeal of Magistrate Judge's Motion to Compel

Plaintiff also appeals the Magistrate Judge's decision to deny his motion to compel. Plaintiff claims that Defendants failed to fully respond to certain requests for production and violated a Court order of January 21, 2010 compelling the production of certain documents. Defendants maintain that they gave full responses to Plaintiff's requests and fully complied with the Court's order. The Magistrate Judge found that Defendants complied with the order and that there were no outstanding discovery requests to which Defendants had not responded. Based upon a review of the record, the Court concludes that the Magistrate Judge's decision to deny Plaintiff's motion to compel was neither clearly erroneous nor contrary to law. The record supports the Judge's finding that Defendants complied with their discovery obligations under the rules and under the Court's order of January 21, 2010.

## CONCLUSION

For the foregoing reasons, IT IS, this 6th day of July, 2010,

-5-

ORDERED that Defendant Cocco Enterprises, Inc.'s Motion for Summary Judgment [docket # 107] is GRANTED; and it is further

ORDERED that all claims against Defendant Cocco Enterprises, Inc. are DISMISSED with prejudice; and it is further

ORDERED that Plaintiff's Motion to Stay Pending Appeal [132] is DENIED; and it is further

ORDERED that Plaintiff's Appeal of Magistrate Judge Decision [133] is DENIED; and it is further

ORDERED that Plaintiff's Motion to Stay Defendants' Motion to Dismiss and for Summary Judgment [141] is GRANTED; and it is further

ORDERED that Plaintiff shall file a revised opposition brief to Defendants' Motion to Dismiss and Alternatively For Summary Judgment [103] on or before July 30, 2010; and it is further

ORDERED that if Plaintiff submits a revised opposition brief, Defendants may file a revised reply no later than seven days after Plaintiff's revised opposition brief is filed; and it is further

ORDERED that Plaintiff's Appeal of Magistrate Judge Decision [149] is DENIED.


                                             */s/  Anne E. Thompson*
                                               ANNE E. THOMPSON, U.S.D.J.