NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Matt GREEN, <br><br>     Plaintiff, <br><br> v. <br><br> Jon CORZINE, et al., <br><br>     Defendants. | Civ. No. 09-1600 <br><br> OPINION & ORDER |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff's Appeal [docket # 185] of the Magistrate Judge's Order [182] granting Defendants' motion to enforce and denying Plaintiff's motion to produce. The Court has decided the Appeal upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Plaintiff's Appeal is denied, and the Magistrate Judge's Order is affirmed in all respects.

BACKGROUND

Plaintiff is an inmate currently incarcerated at New Jersey State Prison ("NJSP") under the care of the New Jersey Department of Corrections ("DOC"). He alleges that due to his unusually wide feet, he requires special-sized orthopedic shoes (size 10EEE). Upon his arrival at NJSP, his own special shoes were confiscated, and he was issued regular size 10 shoes, which caused him pain and resulted in bleeding blisters and ulcers on his feet as well as radiating pain in his ankles, knees, hips, and back. Plaintiff was eventually given a prescription for orthopedic boots and exercise shoes, but these shoes were seized in a lockdown in August 2006 and never

-1-

returned. Plaintiff alleges that he has been unable to obtain acceptable orthopedic footwear since that time. He contends that a variety of Defendants' policies and practices contributed to his injuries, particularly policy decisions to no longer prescribe or provide orthopedic shoes. He has brought claims against personnel working for DOC as well as against personnel working for Correctional Medical Services, Inc. ("CMS"), a corporation with whom the DOC had contracted to provide medical services for inmates.

## ANALYSIS

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal a Magistrate Judge's determination of a non-dispositive matter. A Magistrate Judge's decision will be overturned only when the ruling was "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Id*.

This appeal concerns a contract between DOC and CMS ("the Contract"). The Court previously "determined that resolving Plaintiff's breach of contract claim is not possible without an examination of the contract itself," and ordered the Defendants to furnish copies to the Court and to the Plaintiff. (Order 1 (Sept. 2, 2010)) [171]. Defendants instead mailed Plaintiff a Confidentiality Order concerning the Contract, but Plaintiff refused to sign the Confidentiality Order. Defendants then moved to produce discovery under a protective order pursuant to L. Civ. R. 5.3 and 37.1, arguing that they had a "continued proprietary interest in the Contract" and a "legitimate interest in protecting this information" to maintain a competitive edge [177].

Plaintiff responded by filing a motion [178] to enforce the September 2nd Order. By order, the Magistrate Judge granted Defendants' motion and denied Plaintiff's motion, stating that "Defendants have demonstrated that the Contract is a proprietary document that includes confidential information; and the Court further finding that Plaintiff will not suffer any undue prejudice or harm by executing the Confidentiality Order . . . ." (Order 4 (Oct. 10, 2010)) [182]. Plaintiff now appeals this order, reiterating his concern that signing the Confidentiality Order will deprive him of "the only allowed source of legal assistance plaintiff has, the Inmate paralegals the jail provides and the Jailhouse lawyers who assist plaintiff." (Br. in Supp. of Appeal 2) [185].

Under the Confidentiality Order, "[a]ll confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action." (Confidentiality Order 2) [186]. To this end, the parties are permitted to disclose confidential information to "outside counsel" and "[s]ecretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing." (*Id.*) Plaintiff is thus permitted to disclose the Contract to his counsel and his counsel's personnel, including paralegals. However, "counsel" shall be construed to cover only licensed attorneys providing legal representation to Plaintiff on this matter, and "paralegals" only includes those individuals who are certified as paralegals. Plaintiff is not permitted to disclose confidential information to non-lawyers providing him with informal advice outside of an established attorney-client relationship.

This clarification of the restrictions imposed by the order may not satisfy Plaintiff. But the Magistrate Judge's decision to impose them was not clearly erroneous or contrary to law. Plaintiff claims that the discovery limitations "do away with his legal rights and legal access" provided by the First and Fourteenth Amendments. (Br. in Supp. of Appeal 2). The Constitution

does indeed guarantee Plaintiff "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).  However, the Supreme Court has recognized that "the Rules authorizing discovery . . . are a matter of legislative grace. A litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).  "[J]udicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context." *Id.* at 34.  In short, Plaintiff would not have access to the Contract absent discovery, and it was entirely reasonable for the Magistrate Judge to grant him access subject to the limitations of the Confidentiality Order.  Therefore, Plaintiff's Appeal is denied.

-5-

## CONCLUSION

For the foregoing reasons, IT IS, this 5th day of November, 2010,

ORDERED that Plaintiff's Appeal [185] of the Magistrate Judge's order is DENIED; and it is further

ORDERED that the Magistrate Judge's Order [182] granting Defendants' motion to enforce and denying Plaintiff's motion to produce is AFFIRMED; and it is further

ORDERED that upon receipt of a fully executed Confidentiality Order by Plaintiff, Defendants will provide Plaintiff with a copy of the Contract within 3 days; and it is further

ORDERED that Plaintiff must submit any opposition to Defendants' pending motion to dismiss [168] by November 30, 2010, even if Plaintiff refuses to sign the Confidentiality Order; and it is further

ORDERED that Defendants' reply will be due December 10, 2010.

                                                  */s/ Anne E. Thompson*
                                                    ANNE E. THOMPSON, U.S.D.J.